**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| LEROY BANKS, on behalf of himself and all other persons similarly situated, known and unknown, <br><br> Plaintiff, <br><br> v. <br><br> WOODWARD, INC., <br><br> Defendant. | Case No.  3:22-CV-50266 |

**NOTICE OF REMOVAL**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Woodward, Inc. ("Woodward") hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois to the U.S. District Court for the Northern District of Illinois, Western Division.  Removal is proper because this Court has jurisdiction under the Class Action Fairness Act of 2005.  In support of removal, Woodward states as follows:

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2).  This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d) and 1453(b).  This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2.      Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of the Seventeenth Judicial Circuit, Winnebago

1

County, Illinois, where Plaintiff Leroy Banks ("Plaintiff") filed this action.  *See* 28 U.S.C. §§ 93(a)(2), 1441(a).

## STATE COURT ACTION

3.        On June 17, 2022, Plaintiff filed a Class Action Complaint in the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois, No. 22-LA-176, based on alleged violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et seq.* (the "BIPA").  *See* **Exhibit A**, attached hereto.  Woodward is the only named defendant.[1]

4.        Plaintiff brings this action for "liquidated damages" and other relief as a result of Woodward's alleged "violations of the [BIPA]."  *Id.* at p. 1, ¶¶ 46, 54.  Plaintiff alleges Woodward violated the BIPA by: (a) "fail[ing] to provide a publicly available retention schedule or guidelines for permanently destroying biometric [data]," in alleged violation of BIPA Section 15(a), *id.* ¶ 43; and (b) collecting Plaintiff's biometric data without providing the requisite notice and obtaining Plaintiff's written release, in alleged violation of BIPA Section 15(b), *id.* ¶¶ 51-52.

5.        Plaintiff requests, on behalf of himself and the class, an order awarding: injunctive relief requiring Woodward to comply with Plaintiff's interpretation of the BIPA; "liquidated damages of $5,000 for each intentional and/or reckless violation of BIPA pursuant to 740 ILCS 14/20(2) or, in the alternative, liquidated damages of $1,000 for each negligent

---

[1] In the state court action, Plaintiff named Gene Therapy Systems, Inc. d/b/a Genlantis ("Genlantis") as a "Respondent in Discovery."  Ex. A, Compl. at p. 1, ¶ 3, ¶ 4 n.2.  An entity's status as a "Respondent in Discovery" under the Illinois Code of Civil Procedure does not impact the removal analysis, and the Court need not consider Genlantis's citizenship in determining whether minimal diversity exists under the CAFA.  *See, e.g.*, *Jass v. Prudential Health Care Plan, Inc.*, 88 F.3d 1482, 1485 n. 3 (7th Cir. 1996) ("[A]t the time she filed her motion to remand, Dr. Anderson was not a party in the lawsuit, but merely a respondent-in-discovery.  Thus, his citizenship for purposes of diversity was irrelevant."); *Ford v. Mannesmann Dematic Corp.*, No. 00 C 1226, 2000 WL 1469371, at *4 (N.D. Ill. Oct. 2, 2000) ("A respondent in discovery . . . is not a party to a lawsuit. . . . Therefore, we do not consider S & S Steel a party litigant for purposes of determining diversity.").

violation of BIPA pursuant to 740 ILCS 14/20(1)"; and "reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3)." *Id.* ¶¶ 46, 54.

6.      On July 1, 2022, Plaintiff served Woodward with a copy of the Complaint and Summons. *See* Ex. A.

7.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders that have been filed and served in the state court action are attached hereto as Exhibit A.

8.      No further proceedings have occurred in the state court action. *See* **Exhibit B**, attached hereto (Winnebago County 17th Judicial Circuit Court Public Access Portal, Civil ROA Summary for Case No. 22-LA-0000176 (July 29, 2022)).

## TIMELINESS

9.      Removal is timely because Woodward filed this Notice within thirty days of service of the Complaint, which occurred on July 1, 2022. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P. 6(a)(1)(C).

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

10.     This Court has original jurisdiction under the CAFA because: (a) the putative class includes more than 100 members; (b) there is minimal diversity of citizenship; and (c) the amount in controversy exceeds $5 million.

## CLASS SIZE

11.     The class Plaintiff seeks to represent includes more than 100 members. The proposed class includes "[i]ndividuals who had one or more of their facial geometry scans captured, collected, or otherwise obtained by Defendant Woodward in Illinois between March 2021 and the present." Ex. A, Compl. ¶ 25.

12.     The putative class action described in the Complaint satisfies the requirements of

the CAFA.  While the precise number of individuals in the class cannot be determined until

discovery, the aggregate putative class size according to Plaintiff's allegations is, at minimum,

2,000 members.  Decl. of Alison Baukney ¶¶ 9-11 (attached hereto as **Exhibit C**).

## MINIMAL DIVERSITY OF CITIZENSHIP

13.     There is minimal diversity of citizenship among the parties.  Minimal diversity

exists when "any member of a class of plaintiffs is a citizen of a State different from any

defendant."  28 U.S.C. § 1332(d)(2)(A).

14.     Plaintiff "is an individual who is a citizen of Illinois."  Ex. A, Compl. ¶ 16.

15.     Woodward is a Delaware corporation, *id.* ¶ 17, with its principal place of business

in Colorado.  A corporation is "a citizen of every State . . . by which it has been incorporated and

of the State . . . where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  Thus,

Woodward is a citizen of Delaware and Colorado for diversity purposes.

16.     Accordingly, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).  *See, e.g.*,

*Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal

diversity under the CAFA existed when class representative was Illinois citizen and defendant

was Delaware corporation with principal place of business in Arizona).

## AMOUNT IN CONTROVERSY

17.     The amount in controversy under the CAFA is satisfied if "the matter in

controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C.

§ 1332(d)(2).  For purposes of determining the amount in controversy, "the claims of the

individual class members shall be aggregated."  28 U.S.C. § 1332(d)(6).

18.     To demonstrate that the amount-in-controversy requirement is met, Woodward need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005). Indeed, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011) (citation omitted); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 553 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal purposes).

19.     Woodward denies the merits of Plaintiff's claims and denies that Plaintiff or the putative class are entitled to any monetary or other relief. Solely for purposes of CAFA jurisdiction, however, the amount in controversy exceeds $5 million.

20.     Plaintiff alleges "intentional and/or reckless violations of BIPA," *e.g.*, Ex. A, Compl. ¶¶ 46, 54, which carry statutory damages of $5,000 "per violation." *See* 740 ILCS 14/20. Plaintiff also alleges at least two separate BIPA "violations" in Counts I and II under BIPA Sections 15(a) and 15(b), respectively. Ex. A, Compl. ¶¶ 43, 52-53. Based solely on the Complaint's allegations (which Woodward denies), and based on an estimated putative class size of 2,000, Ex. C, Baukney Decl. ¶ 11, if each class member is entitled to recover $5,000 for each alleged BIPA violation, recovery of greater than $5 million is legally possible (*i.e.*, 2,000 class members x $5,000 statutory damages x 2 violations = $20 million).[2] *See Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.") (internal citation omitted).

---

[2] Woodward includes this amount in controversy based solely on the Complaint's allegations and does not concede Plaintiff's allegations are correct. Woodward also does not concede that Plaintiff's putative class is certifiable, that class members can recover for two separate BIPA violations, or that a five-year limitations period applies to claims brought under the BIPA.

5

## **NOTIFICATIONS**

21.     Woodward will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

22.     Woodward will file a copy of its Notice of Removal with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit, Winnebago County, Illinois, in accordance with 28 U.S.C. § 1446(d).

## **NON-WAIVER**

23.     If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under the CAFA, the removal clock will have not begun to run, and Woodward reserves the right to remove this action at the appropriate time. *See Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 821 (7th Cir. 2013).

24.     Woodward reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

6

## **CONCLUSION**

For the foregoing reasons, this action is properly removed to this Court.

Dated: July 29, 2022

Respectfully submitted,

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.
(gmaatman@seyfarth.com)
Jennifer A. Riley
(jriley@seyfarth.com)
Tyler Z. Zmick
(tzmick@seyfarth.com)
Sarah Bauman
(sbauman@seyfarth.com)
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000

**Attorneys for Defendant**

7

## CERTIFICATE OF SERVICE

I, Gerald L. Maatman, Jr., an attorney, certify that on July 29, 2022 I caused a true and correct copy of the foregoing document to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Douglas M. Werman
(dwerman@flsalaw.com)
Bernard ("Ben") K. Schott
(bschott@flsalaw.com)
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

David Fish
(dfish@fishlawfirm.com)
Mara Baltabols
(mara@fishlawfirm.com)
FISH POTER BOLAÑOS, P.C.
200 East Fifth Avenue, Suite 123
Naperville, IL 60563
Telephone: (630) 355-7590

/s/ *Gerald L. Maatman, Jr.*
Gerald L. Maatman, Jr.